**STATE of Maine**

v.

**Dennis FRIEL.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 31, 1990.
Decided Nov. 2, 1990.

Jeffrey Frankel, Asst. Atty. Gen., Augusta, for State.

Dennis Friel, Portland, pro se.

Before McKUSICK, C.J., and
ROBERTS, GLASSMAN, CLIFFORD,
COLLINS and BRODY, JJ.

McKUSICK, Chief Justice.

■ Defendant Dennis Friel appeals from an affirmance by the Superior Court (Cumberland County, *Brennan, J.*) of a civil penalty in the amount of $200 entered against him in District Court (Biddeford, *Crowley, J.*) for violation of 20–A M.R.S.A. § 5053(1)(A) (Supp.1988) by "[h]aving control of a student who is an habitual truant and being primarily responsible for that truancy." Contrary to Friel's contention, the state law requiring Friel to provide for his daughter's education, either in the public schools or through an approved alternative program, violates none of his constitutional rights. *See State v. McDonough*, 468 A.2d 977 (Me.1983). Specifically, since Friel has failed to demonstrate any sincerely held religious belief that necessitates his keeping his daughter at home, he cannot claim any violation of his rights under the Free Exercise of Religion Clause of the First Amendment. *See Blount v. Department of Educ. & Cultural Services*, 551 A.2d 1377 (Me.1988).

On appeal Friel also raises several procedural issues. He argues that the District Court erred in denying his motion to proceed *in forma pauperis*. Assuming without deciding that in some circumstances there might be a right to proceed *in forma pauperis* on an appeal in a civil violation case, we would review the denial of the motion only for an abuse of discretion. Given the facts of the case before us, the court committed no abuse of its discretion.

■ Friel also argues that the District Court erred in applying his refundable bail money of $100 to satisfy the $100 filing fee for his appeal to the Superior Court. Any error was, however, harmless. Since Friel could not proceed *in forma pauperis*, he was liable to the District Court for a filing fee of $100 on the appeal he persisted in pursuing and has carried through even to this court. He suffered no net pecuniary harm from any error in the handling of the bail.

The remainder of Friel's procedural arguments, concerning the issuance of the citation and his attempt to enter a plea in abatement, are without merit.

The entry is:

Judgment affirmed.

All concurring.